**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHAZ BUNCH,** ) | Case No. 1:09 CV 901 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **KEITH SMITH, Warden,** ) | |
| ) | |
| Respondent. ) | |

On April 20, 2009, Petitioner Chaz Bunch filed the pending Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "§ 2254 Petition"). (**ECF No. 1**.) Bunch is presently serving an aggregate prison term of 89 years for jury convictions on three counts of rape, three counts of complicity to rape, one count of aggravated robbery, conspiracy to commit aggravated robbery, menacing, kidnapping and firearm specifications on all counts except the menacing charge. The Petition raises five grounds for relief.

Before the Court is the Report and Recommendation of Magistrate Judge Vecchiarelli who has reviewed the Petition, the Return of Writ (ECF No. 5), the Traverse (ECF No. 10), the Reply to Petitioner's Traverse (ECF No. 11) and the entire record ("R&R"). (**ECF No. 12**.) Therein, the Magistrate Judge recommends that the Court dismiss all but the third ground for relief, and that the Court stay final judgment on that ground pending the Supreme Court's resolution of *Graham v. Florida*, No. 08-7412, and further briefing by the parties. Respondent

Keith Smith, Warden, filed an objection to that portion of the R&R recommending the Court stay final judgment pending the *Graham* case. (ECF No. 14.) Petitioner filed objections to the entire R&R (**ECF No. 18**), and a response to Respondent's objection (ECF No. 19). Respondent filed a response to Petitioner's objections. (**ECF No. 20**.)

The Court has reviewed the record and finds that Petitioner's objections reiterate the arguments he made in his traverse, which arguments the Magistrate Judge thoroughly and properly addressed in the R&R. Accordingly, Petitioner's objections (**ECF No. 18**) are **OVERRULED**.

Respondent's objection is another matter. Respondent objects to a stay of final judgment in this case pending the Supreme Court's resolution in *Graham*. To put this issue in context, the Court must first mention *Roper v. Simmons*, 543 U.S. 551 (2006). In *Roper*, the Supreme Court held that the imposition of the death sentence on persons who committed their offenses while under the age of 18 violates the Eighth Amendment prohibition against cruel and unusual punishment. (See ECF No. 10, at 13-14.) In the § 2254 Petition, Bunch argued that the holding in *Roper* extends to him, articulating many of the same arguments made by the petitioner in *Roper* (e.g., children under 18 have diminished culpability and should be treated differently than adults). (Id.) In the R&R, the Magistrate Judge correctly noted that there is no similar constitutional limitation on the imposition of a life sentence; thus, the holding in *Roper* prohibiting the execution of juvenile offenders cannot reasonably be extended to a prohibition against the life imprisonment of juvenile offenders. (ECF No. 12, at 29.) The Magistrate Judge concluded that a ruling prohibiting life imprisonment of juvenile offenders would be a new rule.

The Magistrate Judge, however, suggests that the Court stay final judgment pending the Supreme Court's decision in *Graham*. In *Graham*, the appellant (Christopher Simmons) was charged, at the age of 16, with armed burglary with assault or battery (a first-degree felony with a maximum sentence of life imprisonment without possibility of parole) and attempted armed robbery. He pled guilty to the offenses in return for the court withholding adjudication and three years' probation with the condition that he serve twelve months in a pretrial detention facility. Within six months of release, an affidavit of violation of probation was filed alleging that appellant committed new crimes including armed home invasion robbery. At the probation violation hearing, the State offered evidence of the robbery, appellant's involvement in a lengthy car chase through a residential neighborhood following the robbery, and appellant's statements following his arrest that he was recently involved in two or three robberies in the same vicinity. Following the probation violation hearing, the trial court found appellant guilty by a preponderance of the evidence of the alleged probation violations and sentenced him to concurrent sentences of life imprisonment without the possibility of parole on the initial armed burglary with assault or battery conviction, and 15 years on the initial attempted armed robbery conviction. This sentence was affirmed on direct appeal over argument that the imposition of a life sentence without parole on a juvenile offender is a *per se* violation of the Eighth Amendment.

The Magistrate Judge believes that if the *Graham* Court decides that the Constitution prohibits the imposition of a sentence of life imprisonment without parole on a juvenile offender, that ruling may possibly affect this case. (Id. at 30.) However, the Magistrate Judge concedes that such ruling would have to be "broadly worded" for the undersigned to apply it to this case

since Petitioner received consecutive sentences for distinct multiple felonies, and there is no indication in the record that Bunch will not be eligible for parole some time before completing his aggregate sentence. (Id. at 30-31.)

Respondent argues that *Graham* is factually distinguishable from this case, any ruling the Supreme Court issues will not affect it, and there is no reason for the Court to stay final judgment. Petitioner counters that if the Supreme Court rules that a sentence of life without parole violates Due Process or the Eighth Amendment, it would make no sense to permit states to evade that ruling by imposing prison terms of years beyond a natural lifetime.

The Court agrees with Respondent and **SUSTAINS** its objection (**ECF No. 20**) for the following reason. *Graham* is indeed factually distinguishable from the instant case. The trial court in *Graham* imposed two life sentences without parole on the juvenile offender. The court in this case imposed ten year sentences on each of eight distinct felonies, to be served consecutively, along with nine years for firearm specifications, also to be served consecutively - for an aggregate prison sentence of 89 years. And, despite the Magistrate Judge's prompting, there is still no indication that Bunch will not be eligible for parole prior to completion of that sentence. Thus, any ruling the Supreme Court issues in *Graham* will not apply to this case. Even if the Supreme Court concludes that it violates the Constitution to impose a life sentence without parole on a juvenile offender, the undersigned would have to create new law by extending that ruling to this case, something it is not inclined to do.

Accordingly, the Court **OVERRULES** Petitioner's objections to the R&R (**ECF No. 18**), **SUSTAINS** Respondent's objection (**ECF No. 20**), and **ADOPTS** all of the Magistrate Judge's recommended rulings for the reasons explained thoroughly in the R&R (**ECF No. 12**). The

Court declines, however, to accept the Magistrate Judge's recommendation that the Court stay final judgment on the third ground for relief pending the Supreme Court's decision in *Graham v. Florida*, and hereby **DISMISSES** the entire § 2254 Petition.

    **IT IS SO ORDERED.**

                                       */s/ Dan A. Polster   March 2, 2010*
                                       **Dan Aaron Polster**
                                       **United States District Judge**